IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

KENNETH A. ROUNSAVALL                                                              PLAINTIFF

vs.                                          Civil No. 1:09-cv-01049

MICHAEL J. ASTRUE                                                                  DEFENDANT
Commissioner, Social Security Administration

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Kenneth A. Rounsavall ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his applications for Disability Insurance Benefits ("DIB"), Supplemental Security Income ("SSI"), and a period of disability under Titles II and XVI of the Act.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2005), the Honorable Harry F. Barnes referred this case to the Honorable Barry A. Bryant for the purpose of making a report and recommendation.  The Court, having reviewed the entire transcript and relevant briefing, recommends the ALJ's determination be **AFFIRMED.**

**1. Background:**

Plaintiff filed his applications for DIB and SSI on August 20, 2007.  (Tr. 7).[1]  Plaintiff alleged he was disabled due to herniated discs and bone spurs in the cervical spine, deafness in left ear and hepatitis C.  (Tr. 110).  Plaintiff alleged an onset date of November 15, 2005.  (Tr. 110).

---

[1] The docket numbers for this case are referenced by the designation "ECF No."  The transcript pages for this case are referenced by the designation "Tr."

These applications were initially denied on October 19, 2007 and were denied again on reconsideration on December 6, 2007. (Tr. 46-60).

On January 24, 2008, Plaintiff requested an administrative hearing on his applications. (Tr. 61). This hearing request was granted, and an administrative hearing was held on October 27, 2008 in El Dorado, Arkansas. (Tr. 20-41). Plaintiff was present and was represented by counsel at this hearing. *See id.* Plaintiff and Vocational Expert ("VE") William David Elmore testified at this hearing. *See id.* On the date of this hearing, Plaintiff was thirty-seven (37) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2008), and had only completed the ninth grade. (Tr. 22-23).

On December 10, 2008, the ALJ entered an unfavorable decision on Plaintiff's applications for DIB and SSI. (Tr. 7-16). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through June 30, 2006. (Tr. 9, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since November 15, 2005, his alleged onset date. (Tr. 9, Finding 2). The ALJ determined Plaintiff had the severe impairments of neck pain, right shoulder pain, hepatitis C and a history of ear trauma and possible deafness. (Tr. 9, Finding 3). The ALJ also determined, however, that Plaintiff did not have an impairment or a combination of impairments that met or medically equaled one of the listed impairments in the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 10, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his Residual Functional Capacity ("RFC"). (Tr. 10-15, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible. *See id.* Second, the ALJ determined, based upon this review of Plaintiff's subjective complaints, the hearing

testimony, and the evidence in the record, that Plaintiff retained the RFC for less than a full range of sedentary work and could only occasionally reach overhead with his right and left upper extremity. (Tr. 10, Finding 5).

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 14-15, Finding 6). The VE testified at the administrative hearing regarding Plaintiff's PRW. (Tr. 38-39). The VE testified that Plaintiff's PRW included work as a metal building erector and work with a moving company. *See id.* The VE then testified, considering Plaintiff's RFC and other vocational considerations, that he could not perform this PRW. (Tr. 39).

The ALJ also determined, however, Plaintiff retained the ability to perform other work existing in significant numbers in the national economy. (Tr. 15-16, Finding 10). Specifically, the VE testified Plaintiff would be able to perform work as a production assembler with approximately 1,000 such jobs in Arkansas and 57,000 such jobs in the nation. (Tr. 40). Thereafter, the ALJ determined Plaintiff had not been under a disability as defined by the Act from November 15, 2005, through the date of the decision. (Tr. 16, Finding 11).

On December 16, 2008, Plaintiff requested that the Appeals Council review the ALJ's decision. (Tr. 17). *See* 20 C.F.R. § 404.968. On August 10, 2009, the Appeals Council declined to review the ALJ's decision. (Tr. 1-3). On November 3, 2009, Plaintiff filed the present appeal. ECF No. 1. Both parties have filed appeal briefs. ECF Nos. 6,7. This case is now ready for decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g)

(2008); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See id.; Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that

significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

### 3. Discussion:

In his appeal brief, Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record. Specifically, Plaintiff claims the ALJ erred by (1) failing to properly develop the record and obtain an orthopedic evaluation, and (2) improperly determining Plaintiff's RFC. ECF No. 6, Pages 4-11. In response, Defendant argues the ALJ satisfied his duty to fully and fairly develop the record, and the ALJ's RFC determination was proper. ECF No. 7, Pages 4-9. This Court will address each of Plaintiff's arguments.

#### A. Duty to Fully Develop the Record

The ALJ has the duty to fully and fairly develop the record, even where the Plaintiff is represented by counsel. If a physician's report of a claimant's limitations are stated only generally, the ALJ should ask the physician to clarify and explain the stated limitations. *See Vaughn v. Heckler*, 741 F. 2d 177,179 (8th Cir. 1984). Furthermore, the ALJ is required to order medical examinations and tests if the medical records presented do not provide sufficient medical evidence

to determine the nature and extent of a claimant's limitations and impairments. *See Barrett v. Shalala*, 38 F. 3d 1019, 1023 (8th Cir. 1994). The ALJ must develop the record until the evidence is sufficiently clear to make a fair determination as to whether the claimant is disabled. *See Landess v. Weinberger*, 490 F. 2d 1187, 1189 (8th Cir. 1974). In addition, a claimant must show not only that the ALJ failed to fully and fairly develop the record, but he must also show that he was prejudiced or treated unfairly by the ALJ's failure. *See Onstad v. Shalala*, 999 F.2d 1232, 1234 (8th Cir. 1993).

Plaintiff argues the ALJ should have obtained a consultative orthopedic examination, and as a result of not doing so, the ALJ failed in his duty to properly develop the record. Defendant argues substantial evidence shows the ALJ met his duty to fairly develop the record.

To begin with, Plaintiff has failed to establish that the medical records presented did not provide sufficient medical evidence to determine the nature and extent of a claimant's limitations and impairments. *See Barrett v. Shalala*, 38 F. 3d 1019, 1023 (8th Cir. 1994).

Plaintiff was seen for a consultative examination by Dr. Halah Al-Dadah on October 9, 2007. (Tr. 219-223). Dr. Al-Dadah indicated Plaintiff had 5/5 muscle strength and no muscle atrophy. (Tr. 222). Also, Plaintiff showed no sensory abnormalities and his gait and coordination were normal (Tr. 222). Dr. Al-Dadah also indicated Plaintiff was able to stand and walk without assistive devices, able to walk on his heel and toes, and able to squat and arise from a squatting position. (Tr. 222). Dr. Al-Dadah stated Plaintiff had no limitation in his ability to walk, stand, carry, handle, or finger. (Tr. 223).

In further support of his argument for the need for an orthopedic evaluation, Plaintiff argues that Dr. Al-Dadah did not have the benefit of reviewing x-rays (which were taken the same day of the consultative exam), when preparing his final report. ECF. No. 6, Pg. 8-9. However, the x-ray

of Plaintiff's cervical spine showed moderate degenerative changes, and the x-ray of Plaintiff's lumbar spine showed very mild degenerative changes with mild osteophytes present. (Tr. 225). There is nothing contained in these reports that would indicate further review is needed.

Finally, Plaintiff has failed to show he was in anyway prejudice or treated unfairly by the ALJ, if the record was not in fact fully and fairly developed. I find the ALJ satisfied his duty to fully and fairly develop the record in this matter.

### B. RFC Determination

Plaintiff claims the medical evidence does not support the ALJ's RFC finding that Plaintiff could perform work at the less than full range of sedentary level. Defendant claims substantial evidence supports the ALJ's RFC determination of decision of Plaintiff.

This Court finds the ALJ's RFC determination is supported by substantial evidence and in making that determination, the ALJ provided a sufficient basis for his RFC determination. Prior to Step Four of the sequential analysis in a disability determination, the ALJ is required to determine a claimant's RFC. *See* 20 C.F.R. § 404.1520(a)(4)(iv). This RFC determination must be based on medical evidence that addresses the claimant's ability to function in the workplace. *See Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004). The ALJ should also consider "'all the evidence in the record' in determining the RFC, including 'the medical records, observations of treating physicians and others, and an individual's own description of his limitations.'" *Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004) (quoting *Krogmeier v. Barnhart,* 294 F.3d 1019 (8th Cir. 2002)). The plaintiff has the burden of producing documents to support his or her claimed RFC. *See Cox*, 160 F.3d at 1206; 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

The ALJ, however, bears the primary responsibility for making the RFC determination and

7

for ensuring there is "some medical evidence" regarding the claimant's "ability to function in the workplace" that supports its RFC determination. *Lauer v. Apfel,* 245 F.3d 700, 703-04 (8th Cir. 2001). Furthermore, this Court is required to affirm the ALJ's RFC determination if that determination is supported by substantial evidence on the record as a whole. *See McKinney v. Apfel,* 228 F.3d 860, 862 (8th Cir. 2000).

The ALJ found Plaintiff retained the RFC for less than a full range of sedentary work and could only occasionally reach overhead with his right and left upper extremity. (Tr. 10, Finding 5). In evaluating Plaintiff's RFC, the ALJ considered the opinion of state agency physician Steve Owens, who performed a Physical RFC Assessment on October 18, 2007. (Tr. 226-233). Dr. Owens found Plaintiff was capable of occasionally lifting fifty (50) pounds, frequently lifting twenty-five (25) pounds, and sitting six hours out of an eight hour workday. (Tr. 227). These findings are a greater level of work activity than the sedentary level found by the ALJ. Furthermore, Dr. Owens found Plaintiff had no postural or manipulative limitations. (Tr. 228-229).

The ALJ also noted that no physician placed any functional restrictions on Plaintiff's activities which would preclude Plaintiff from performing sedentary work. (Tr. 14). Plaintiff has the burden of establishing his claimed RFC. *See Goff v. Barnhart,* 421 F.3d 785, 790 (8th Cir. 2005) (quoting *Eichelberger v. Barnhart,* 390 F.3d 584, 590 (8th Cir. 2004)). Because Plaintiff has not met his burden in this case and because the ALJ's RFC determination is supported by sufficient medical evidence, this Court finds that the ALJ's RFC determination should be affirmed.

### 4. Conclusion:

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence. Accordingly, this Court recommends this case be

**AFFIRMED**.

The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court. *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).

**ENTERED** this **22nd day of December, 2010.**

                                             /s/ Barry A. Bryant
                                             HON. BARRY A. BRYANT
                                             U. S. MAGISTRATE JUDGE